GABRIEL H. FUSELIER     :     NO. 8976

VS      COURT OF APPEAL FOR THE

J. HENRY BLACHE     :     PARISH OF ORLEANS

: : :: : : :

- - -

WILLIAM A. BELL, JUDGE

- - -

MARCH 5, 1923.

Court of Appeal
PARISH OF ORLEANS
FILED 3/5/23

By WILLIAM A. BELL, Judge.

Plaintiff has sued defendant herein for his share of certain commissions involved in the sale of certain real estate, it being claimed that the right to said commissions arose from a certain written contract reading, in part, as follows:

"August 5, 1921.

"That the said Mr. J. Hy. Blache, as real estate broker, agrees to employ the services as salesman, of Mr. Gabriel H. Fuselier, with the mutual understanding that on all business created and effected by the said Mr. Fuselier; that is to say, that on any contracts to buy or sell or lease secured by the said Mr. Fuselier which results in business being effected by said Mr. Blache, or on any contracts to sell, buy or lease secured by the office of said Mr. Blache on which the said Mr. Fuselier effects business, the said Fuselier is to receive half of the commission received by Mr. Blache on said business. * * *

"(Original signed)    J. Hy. Blache

"         "         Gabriel H. Fuselier."

The above is, in substance, a copy of the aforesaid contract made part of plaintiff's petition. It is alleged in his petition that on April 21, 1920, long prior to the making of the said contract, plaintiff received an offer, in writing, from the owner of certain lots known as the "Woodville Tract No. 2," on Gentilly Road, in the City of New Orleans; that on Sept. 7, 1921. some thirty days after the signing of the contract between the parties to this suit, plaintiff wrote the owner of the Woodville Tract again making inquiries concerning the lots and asking if same were for sale; that three days later, on September 10. 1921. the owner of the lots having replied to plaintiff's letter of inquiry, was advised by plaintiff over the telephone to get in touch with the defendant in this suit and the address of said defendant was given him, and that as a result of placing the owner of said lots in touch with the defendant, an ultimate sale of said lots was made by the defendant to a third party, the defendant realizing from said sale the sum of $341.25. These are, in substance,

the facts of the case which are necessary to be here noted so far as the plaintiff's petition is concerned. The petition concludes with a prayer that under the terms of the aforesaid contract plaintiff be declared entitled to one-half of the total commission of $341.25 realized by defendant, that is, the sum of $170.63, for which judgment is prayed.

Defendant has answered this suit, first pleading an exception of no cause of action, which has not been seriously urged and which was overruled by the trial court, and then, specially answering, urges that the written contract, which is admitted, and the subsequent sale, which is admitted, could not in any manner have made defendant liable to plaintiff for half of the commissions for the reason that it was specifically agreed between the parties to this suit that commissions would only be due upon such contracts as plaintiff may have procured and had signed between the parties to the sale, that is, the commissions were to be earned on actual sales made by plaintiff on "signed contracts" or "signed listings."

There was judgment in the lower court in favor of plaintiff, from which defendant has appealed.

From the pleadings in this suit we gather there is only one defense seriously urged to plaintiff's claim and that is that outside of the written contract there was the agreement qualifying it as above set forth. At the trial of the cause the testimony on this subject was properly objected to, and the record shows that when the objection was made to said testimony concerning "signed contracts" as a condition to the earning by plaintiff of his commission, counsel for defendant made the specific statement after the objection was interposed, that defendant did not care to press the question. However, later on in the testimony we find the question again asked of the plaintiff, who positively denies that there was any such agreement.

426

In any event, the verbal testimony that was sought to be adduced on this subject was wholly inadmissable under the academic rules of evidence and could not be considered by the court because of its tendency to wholly vary, alter and contradict the written contract originally entered into between the parties. We find conclusively that the only time the defendant met the owner of the "Woodville Tract" was after said owner had been sent to him by the plaintiff. The testimony of the owner himself is to this effect, and we find that said owner though subpoenaed by the plaintiff, was placed upon the stand for direct examination by the defendant, and when asked to narrate how he became acquainted with the defendant, stated that the plaintiff, who had failed to keep several engagements with him concerning the ownership of the "Woodville Tract," finally told him over the telephone to call up the defendant and get in touch with him. On cross-examination by counsel for plaintiff this same witness was asked the all-important questions as follows:

> "Q.-When you saw Mr. Blache you introduced yourself to him, did you not?
> "A.-Yes, sir.
> "Q.-Did you know him at that time?
> "A.-No, sir.
> "Q.-Did you tell him who referred you to him?
> "A.-Yes, sir.
> "Q.--Who was that?
> "A.-Mr. Fuselier.'
> "Q.-That was before you had any dealings at all with Mr. Blache that you told him that?
> "A.-Yes, sir."

After careful consideration of the record in this case, of the letters and correspondence made part hereof, we are convinced that the transaction under which the defendant earned the commissions, half of which plaintiff now sues for, arose entirely through the fact that the plaintiff and he only brought the owner of the property, which defendant sold, into business communication with the defendant, and the defendant never knew of the party until said party phoned him at the request or instructions of plaintiff. Applying these facts to the contract

which both parties admit to have existed between them and interpreting the contract as a binding one not to be qualified in any respect by verbal testimony, we are of the opinion that the judgment of the trial court is correct and should be affirmed.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the judgment herein appealed from be and the same is hereby affirmed at the defendant's costs in both courts.

JUDGMENT AFFIRMED.                    MARCH 5, 1923.